UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW ANTALE,

    Plaintiff,

v.                                          Case No: 2:22-cv-733-SPC-NPM

HOLIDAY CVS, L.L.C.,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Holiday CVS, L.L.C.'s Motion for Final Summary Judgment, (Doc. 28), and Plaintiff Andrew Antale's response in opposition. (Doc. 30). Defendant did not file a reply and the time to do so has passed. For the following reasons, the Court grants summary judgment.

## DISCUSSION

The following facts are undisputed. This is a slip and fall case. On February 10, 2021, Antale and his wife went to CVS. Plaintiff went to the men's restroom while his wife shopped. Upon entering the restroom, the lights were off, and the door closed quickly behind him, leaving him in the dark. As Plaintiff turned to find the light switch, he slipped on water and fell to the floor, sustaining a fractured femur. His wife took pictures showing several puddles of clear liquid on the floor where Plaintiff fell.

As one enters the restroom, the sink is to the right and the paper towel dispenser is to the left. Nudrat Nasir, the CVS store manager who was present in the store during the accident, agreed that if someone washed their hands and their hands were dripping wet, they would drip water on the floor in front of the entrance door as they went from the sink to the paper towel dispenser. She also stated that people dripping water from their hands walking from the sink to dry them could be a hazard, but she "never had that kind of issue before." (Doc. 30-3 at 40:5-17).

Nasir also testified that employees are trained to inspect the restroom for cleanliness after they use it. Michael Schubert, a CVS employee, was in the restroom approximately five to ten minutes before the accident. Schubert testified that he inspected the restroom when he used it, that he did not spill water on the floor, and that when he left the floor was clean and dry and the lights were on. Schubert testified that there were surveillance cameras in the store and there was a camera that he believed was pointed towards where someone would walk toward the restrooms. However, neither party has submitted video footage for the Court's review and there is no testimony about what that camera footage depicts. There is no other evidence to show whether another individual used the restroom in the approximately five to ten minutes between Schubert and Plaintiff.

After his fall, Plaintiff sued CVS, alleging that it was negligent in inspecting and maintaining its premises. Now, CVS moves for summary judgment.

**LEGAL STANDARD**

Sitting in diversity, the Court applies Florida substantive and federal procedural law. *Global Quest, LLC v. Horizon Yachts Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show the lack of genuinely disputed material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If carried, the burden shifts onto the nonmoving party to point out a genuine dispute. *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2018). At this stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

## DISCUSSION

Slip and falls are a form of negligence, so plaintiffs must show duty, breach, causation, and damages. *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 128 (Fla. 4th DCA 2020). Businesses owe invitees two duties: (1) to keep the premises reasonably safe; and (2) to warn of dangers the business knew (or should have known) about that the invitee couldn't discover. *Norman v. DCI Biologicals Dunedin, LLC*, 301 So. 3d 425, 428 (Fla. 2d DCA 2020). In premises liability cases, a business must have "actual or constructive knowledge of the dangerous condition." Fla. Stat. § 768.0755(1). And the burden is on plaintiff to make that notice showing. *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017).

CVS challenges Plaintiff's evidence on notice. Actual knowledge of a dangerous condition exists when a business owner's employees or agents know of or create the dangerous condition. *Barbour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001). "When the negligence which produces the injury is that of an employee of the defendant, then the matter of the employer's knowledge of the existence of the dangerous condition becomes inconsequential because the knowledge of the employee is chargeable against the employer and his negligent act committed in the course of his employment is binding upon the employer." *Id*. A plaintiff can establish constructive knowledge with circumstantial evidence showing that either: (1) "[t]he dangerous condition

4

existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition;" or (2) "[t]he condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1).  Plaintiff contends that both actual and constructive notice are genuinely in dispute.

The Court begins with actual notice.  CVS contends that there is no evidence that it knew of or created the dangerous condition.  Its employee, Schubert, used the restroom shortly before Plaintiff's fall and claims that he left it clean, dry, and with the lights on.  To counter Schubert's testimony, Plaintiff appears to rely exclusively on the surveillance camera that *could have* captured individuals walking towards the area of the restroom.  Plaintiff claims that "[i]t is undisputed that no one entered the restroom in the minutes between Schubert exiting and the Plaintiff entering." (Doc. 30 at 6).  According to Plaintiff, this leads to one of two conclusions: either Schubert caused the water to be on the floor or failed to properly inspect the floor of the restroom when he used it.  However, as stated above, the surveillance video is missing from the record.[1]  So, Plaintiff's claim that no one else entered the restroom during this time is wholly unsupported.  Without some evidence that Schubert

---

[1] Notably, at no point did Plaintiff move to compel the footage, and none of the deponents recall watching it.  The fact that there was a camera that may have captured individuals walking towards the restroom area is immaterial, absent the footage.

was the last person to use the restroom before Plaintiff, his testimony about the condition he left it in is not in conflict. The Court cannot discount a party's testimony on summary judgment "unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed or events that are contrary to the laws of nature." *Blanco v. Samuel*, 91 F.4th 1061, 1070 (11th Cir. 2024). And while Plaintiff is entitled to all *reasonable* inferences in his favor on summary judgment, an inference is not reasonable if it is "only a guess or a possibility," because it is pure conjecture not based on evidence. *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982). Here, the inference Plaintiff wishes the Court to draw—that Schubert caused or overlooked the hazardous condition—is pure speculation. Without it, no reasonable juror could find that CVS had actual notice.

Next, the Court turns to constructive notice. CVS says there is no evidence that the liquid was on the floor for enough time to establish constructive notice, nor is there evidence that the condition occurred with regularity. In response, Plaintiff again blames Schubert for failing to inspect the floor, arguing that the water would have been present when he was in the restroom prior to Plaintiff. But, for the reasons stated above, Plaintiff cannot rely on this unsupported inference. To the contrary, the evidence establishes that the floor was dry when Schubert exited the restroom and became wet in

the five to ten minutes between when he left and when Plaintiff entered. Thus, on this record, it is undisputed that the liquid was not on the floor for a long period of time before Plaintiff's fall.

Of course, there is no bright-line length of time which establishes constructive notice. *Lebron v. Royal Caribbean Cruises, Ltd.*, 818 F. App'x 918, 921 (11th Cir. 2020).[2] But case law provides some guidance for how long a condition must be present. In general, ten minutes or less is insufficient, whereas fifteen to twenty minutes is sufficient. *See Hill v. Ross Dress for Less*, No. 12–23368–CIV, 2013 WL 6190435, at *4 (S.D. Fla. Nov. 26, 2013) (finding fifteen to twenty minutes to be generally accepted to provide constructive notice); *D'Antonio v. Royal Caribbean Cruise Line, Ltd.*, 785 F. App'x 794, 798 (11th Cir. 2019) (finding eighteen minutes to be long enough to provide constructive notice); *Hernandez v. Sam's E., Inc.*, No. 20-CV-61648, 2021 WL 1647887, at *3 (S.D. Fla. Apr. 26, 2021) (finding 10 minutes or less is insufficient for constructive notice); *Straube v. Moran Foods, LLC*, No. 8:16–cv–49–T–24, 2016 WL 6246539, at *2 (M.D. Fla. Oct. 25, 2016) (finding seven and a half minutes is insufficient for constructive notice); *Russo v. Moran Foods*, No. 2:17-CV-14314, 2018 WL 2694535, at *3 (S.D. Fla. Apr. 6, 2018)

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority." *United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000) (citing 11th Cir. R. 36-2).

(finding five minutes is insufficient for constructive notice); *Walker v. Winn-Dixie*, 160 So. 3d 909, 912 (Fla. 1st DCA 2014) (finding four minutes is insufficient for constructive notice). Here, the undisputed evidence establishes that the floor was wet, at *most* 10 minutes before Plaintiff fell. Based on the case law cited above, this is insufficient to establish constructive notice.

Finally, Plaintiff argues that the hazardous condition was foreseeable to CVS because of the way the bathroom was arranged. Nasir, the store manager, testified that if someone washed their hands and their hands were dripping wet, they would drip water walking from the sink to the paper towel dispenser, creating a hazardous wet floor. However, she further testified that she "never had that kind of issue before." (Doc. 30-3 at 40:5-17). No other deponent testified that they observed this condition to have occurred previously in the restroom. Plaintiff needs some evidence to support a reasonable inference that CVS had constructive notice of the liquid. All he has are possibilities and assumptions. *See Phillips v. Surfside Ventures Inc.*, 821 F. App'x 957, 960 (11th Cir. 2020) (testimony that restaurant's proximity to the beach created the potential for wet floors or the possibility that humidity could make steps slippery was insufficient to show that the conditions leading to the plaintiff's fall were foreseeable, because it was based on "hunches unsupported by any probative evidence."); *Pussinen v. Target Corp.*, 731 F. App'x 936, 939 (11th Cir. 2018) (explaining that it is plaintiff's burden to present evidence, not

assumptions, to establish that a condition leading to her fall occurred with regularity). On this record, Plaintiff's claim cannot survive summary judgment.

Accordingly, it is now

**ORDERED:**

(1) Defendant Holiday CVS, L.L.C.'s Motion for Final Summary Judgment, (Doc. 28), is **GRANTED**.

(2) The Clerk is **DIRECTED** to enter judgment, terminate all pending motions or deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 15, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record